15 F.3d 1089
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Carlos Alfonso SALAS, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70488.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 2, 1994.*
Decided Feb. 7, 1994.
 
 Before: SNEED, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Alfonso Salas, a native and citizen of Peru, petitions for review of a final order of the Board of Immigration Appeals (BIA), affirming the Immigration Judge's (IJ's) decision denying Salas's request for asylum pursuant to Sec. 208 of the Immigration and Nationality Act (INA or Act), 8 U.S.C. Sec. 1158, and for withholding of deportation pursuant to Sec. 243(h) of the Act, id. Sec. 1253(h).[1] The IJ, whose reasoning the BIA adopted, determined that Salas failed to demonstrate the "well-founded fear" of persecution that is a prerequisite for asylum eligibility and, a fortiori, failed to merit withholding of deportation. We have jurisdiction, id. Sec. 1105a(a), and we deny the petition for review.
 
 
 3
 * We review questions of law, such as whether the BIA applied the correct legal standard, de novo. Rodriguez-Rivera v. INS, 848 F.2d 998, 1001 (9th Cir.1988) (per curiam). The factual findings underlying the BIA's decision, including the determination that an alien has failed to prove his eligibility for asylum, are reviewed under the "substantial evidence" standard. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). Reversal is warranted only where the evidence presented compels the conclusion that the applicant had the requisite "well-founded fear of persecution." INS v. Elias-Zacarias, 112 S.Ct. 812, 815 n. 1 (1992).
 
 
 4
 To be eligible for a discretionary grant of asylum, an alien must show persecution or a "well-founded fear of persecution" on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. Secs. 1158(a), 1101(a)(42)(A). A "well-founded fear" contains both a subjective component, requiring that the fear be genuine, and an objective component, which "requires a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Diaz-Escobar v. INS, 782 F.2d 1488, 1492 (9th Cir.1986). The alien bears the burden of proving he is eligible for asylum. Rebollo-Jovel v. INS, 794 F.2d 441, 448 (9th Cir.1986).
 
 
 5
 The "well-founded fear" standard for asylum under section 208(a) of the INA is less stringent than the "clear probability" requirement for withholding of deportation under section 243(h)(1). INS v. Cardoza-Fonseca, 480 U.S. 421, 430-31 (1987). "If the BIA is correct that [the alien] failed to demonstrate a well-founded fear of persecution, we will need to proceed no further because a fortiori, [the alien] would have failed to meet the more stringent standard of clear probability of persecution." Diaz-Escobar, 782 F.2d at 1492.
 
 
 6
 Salas argues that the IJ did not clearly state which standard she was applying when she denied each request for relief. We disagree. The IJ recited the applicable standards and stated that "[t]he burden of proof in a withholding application is more strict." The IJ also found that Salas failed to meet either the "well-founded fear" or the clear probability standard.
 
 
 7
 Because the IJ, and therefore the BIA, applied the proper legal standard, we will reverse only if the evidence presented compels the conclusion that Salas had a well-founded fear of persecution. Acewicz, 984 F.2d at 1061.
 
 II
 
 8
 Salas argues that he has a well-founded fear of persecution in Peru for two reasons. First, he claims that his affiliation with the former military regime will subject him to persecution at the hands of "El Sendero Luminoso," a leftist guerrilla group. In particular, Salas points to the facts that his uncle, a former high-ranking officer in the Peruvian military, has received threats from El Sendero Luminoso, and that he, Salas, spent time in a Peruvian military academy while the former government was in power.
 
 
 9
 We agree with the INS that the facts do not compel a finding that Salas has a well-founded fear of persecution. Salas presented no concrete evidence that the current Peruvian government is unable or unwilling to control the alleged threats from El Sendero Luminoso. Salas offered only his own belief that the government is "leaning to the left" on account of its nationalizing the banks and schools. Salas also testified that his parents, his older sister, and her daughter currently live in Lima, Peru, and they have not experienced difficulty with either the government or the guerrilla group. The evidence does not compel a finding of well-founded fear. See Elnager v. INS, 930 F.2d 784, 788 (9th Cir.1991) (rejecting alien's claim that he had reason to fear a radical group in Egypt, based solely on that group's assassination of Anwar Sadat).
 
 
 10
 Salas also argues that he faces persecution on account of his failure to serve in the Peruvian Army, an obligation that he concedes is required of all young men in Peru. The IJ correctly held that Salas fears prosecution, not persecution. See Rodriguez-Rivera, 848 F.2d at 1005 ("[R]equiring military service does not constitute persecution....").
 
 
 11
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The IJ also denied Salas's request for voluntary departure pursuant to INA Sec. 244(e), 8 U.S.C. Sec. 1254(e). Salas does not challenge that ruling in this court